HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR05-5070RBL |
| Plaintiff/Respondent, | Case No. CV08-5005RBL |
| v. | ORDER |
| RAMON BALTAZAR-MAGALLAN, | |
| Defendant/Petitioner. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On June 8, 2005 the defendant was convicted after a jury trial of (1) conspiracy to distribute methamphetamine, cocaine, and heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; (2) possession of methamphetamine, cocaine, and heroin in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A) and 18 U.S.C. §2, and; (3) possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On February 14, 2006 this Court sentenced the defendant to 120 months on the drug counts and 60 months to run consecutive for the weapon for a total imprisonment of 180 months. The United States Court of Appeals for the Ninth Circuit affirmed the conviction and sentence in an unpublished memorandum filed on February 28, 2007.

ORDER
Page - 1

Defendant timely filed the instant motion on January 3, 2008, within the one-year statute of limitations contained in 28 U.S.C. § 2255(f).

In defendant's supplemental motion [Dkt. #13] he sets forth three separate numbered claims for relief. Claim One, however, contains two distinct claims: (1) a challenge to the "to convict" jury instruction; and, (2) allegations of ineffective assistance of trial counsel. Claim Two contains allegations of ineffective assistance of trial counsel that duplicates an allegation in Claim One and adds a new allegation. Claim Three alleges ineffective assistance of sentencing counsel.

## II. DISCUSSION

### A. Jury Instruction No. 21.

The defendant's claim that Jury Instruction No. 21, the "to convict" instruction, was flawed and violated his Fifth Amendment right to a fair trial was not raised on direct appeal. His failure to raise the issue on direct appeal acts as a bar to this claim unless he can demonstrate cause excusing his procedural default and actual prejudice resulting from the claimed error. *United States v. Frady*, 456 U.S. 152, 168 (1982). He has not demonstrated cause, and, even if he has, he cannot demonstrate actual prejudice. Defendant claims that the Instruction was erroneous because it stated that "beginning at a time unknown, but within the last five years, and ending on or about January 13, 2005," the defendants entered into a conspiratorial agreement. He argues that this instruction improperly suggested that the conspiracy was longstanding and prevented him from obtaining a jury instruction on his theory of the case - - presumably that he was not a member of the conspiracy.[1] Contrary to defendant's assertion, however, the Instruction was not erroneous nor improper. It merely permitted the jury to find that the conspiracy began within the five-year statutory limitations period. The Instruction in no way prevented the defendant from arguing his theory of the case or precluded an instruction on that theory. This claim is **DISMISSED**.

### B. Ineffective Assistance of Counsel.

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient," and (2)

---

[1] See Section II.B.2.

counsel's "deficient performance prejudiced the defense." *Id*., at 687. To show that counsel's performance was deficient, defendant must show that "counsel's representation fell below an objective standard of reasonableness," *id*., at 688. This Court's "scrutiny of counsel's performance must be highly deferential[ ]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*., at 689. To establish prejudice, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable[,]" *id*., at 687, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id*., at 694.

**C.**

### 1. <u>Defendant's Claim that Defense Counsel Failed to Cross-Examine Witnesses</u>.

The defendant claims that his trial counsel failed to cross-examine any witness. He is mistaken. The record reflects that his counsel extensively cross-examined the agents who surveilled the attempted transaction, arrested the defendant and interviewed him post-arrest. The record also reflects that there were three other defense counsel present during most of the trial and they also cross-examined the witnesses. Further cross-examination by defendant's counsel as to some witnesses would have been redundant, and counsel's decision to not cross-examine some witnesses who did not testify about Baltazar-Magallan was extremely sound trial strategy.

The defendant does not point to any question or line of questioning that his counsel should have asked that she did not. He does not point to any question she asked that she should not have asked. He does not indicate how counsel's performance was inadequate and does not demonstrate how he was prejudiced. Counsel's performance did not violate *Strickland*, and this claim is **DISMISSED**.

### 2. <u>Defendant's Claim that Counsel Failed to Argue that He Was an "Independent Seller" Rather than a Conspirator.</u>

The defendant argues that his counsel should have presented the defense that he was not a conspirator but was an "independent seller" of drugs. He does not indicate what evidence his counsel could have presented, or what evidence the government presented, which would have supported this theory. The record supports that the defendant conspired with the others convicted. Phone records reflect a pattern of calls between this defendant and co-defendant Saldivar-Pineda corresponding to deliveries of drugs. He acted in coordination with his co-defendants on the date of the failed drug deal and arrest. And,

when arrested, he did not possess the drugs; rather, Saldivar-Pineda did. It would have been extremely difficult for his counsel to argue that he was an "independent seller" not a co-conspirator given these facts. Counsel's decision to forego advancing this theory was well within the range of reasonable professional assistance contemplated by *Strickland*. This claim is **DISMISSED.**

### 3. Defendant's Claim that Counsel Failed to Explain to Him the "Safety Valve."

The defendant alleges that his counsel failed to explain the "safety valve" provisions of 18 U.S.C. 3553(e) and the United States Sentencing Guidelines §5C1.2 providing for a sentence below the statutory mandatory minimum. He alleges that he would have cooperated if given the opportunity and would not have gone to trial. However, cooperation is only one factor for eligibility for the "safety valve." His possession of a weapon during the commission of the offense makes him ineligible for the reduction. U.S.S.G. §5C1.2(a)(2). This claim is **DISMISSED**.

### 4. Defendant's Inability to Understand English.

Defendant alleges he was "confused" and that he "did not understand what was happening" because he does not understand English and is illiterate. However, he does not indicate that his counsel failed to explain the proceedings to him (other than the "safety valve") and does not indicate what he did not understand. The record reflects that Spanish language interpreters were available at all the pre-trial proceedings and throughout trial. He has not carried his burden to show a violation of the *Strickland* standard. This claim is **DISMISSED**.

### 5. Defendant's Claim that Defense Counsel Should Have Called Co-Defendant Menina-Loza and Saldivar-Pineda as Witnesses.

The defendant argues that his counsel should have called his co-defendant Menina-Loza and Saldivar-Pineda as witnesses. He does not indicate, however, what either defendant would have testified to nor does he indicate that they would have waived their Fifth Amendment rights not to testify. As for Menina-Loza, he made a post-arrest statement that implicated Baltazar-Magallan. There is no indication that either co-defendant would have testified favorably to Baltazar-Magallan. The defendant has not shown that his counsel's performance was deficient. This claim is **DISMISSED.**

### 6. Defendant's Claim that Counsel at Sentencing Was Ineffective.

The defendant claims that his counsel at sentencing was unprepared and failed to investigate the facts of his case. Because the defendant had filed a bar complaint against his trial counsel, new counsel

1 was appointed for sentencing. The defendant does not indicate what arguments his sentencing counsel could have made for a lower sentence than he received. The defendant was sentenced to the statutory mandatory minimum sentence of 180 months. This sentence was mandated by the jury's finding that the defendants either conspired to distribute or possessed with intent to distribute, enough drugs to trigger the 10 year mandatory minimum sentence. This finding, together with the guilty verdict on the charge of possession of a firearm which carries a mandatory consecutive 5 year sentence, made the 180 month sentence mandatory. Counsel at sentencing could not change that, and the defendant received the lowest possible sentence available under the law. Counsel's performance was not deficient. This claim is **DISMISSED.**

Defendant's Motion pursuant to 28 U.S.C. §2255 is **DENIED**.

Based on the foregoing, the Court declines to issue a Certificate of Appealability because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

**IT IS SO ORDERED.**

Dated this 22ND day of September, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE